UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRVING ALBERT NAQUIN, III | CIVIL ACTION |
| VERSUS | NO. 11-2878 |
| ORLEANS PARISH SHERIFF'S OFFICE, ET AL. | SECTION "S"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Irving Albert Naquin, III, a state inmate, filed this civil action against the Orleans Parish Sheriff's Office, the Orleans Parish Prison, and Orleans Parish Sheriff Marlin Gusman. Plaintiff brought the lawsuit pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Plaintiff states his claims as follows:

1) Denied the ability to assist my lawyers in defense of my court case.

2) Denied the ability to communicate effectively with my lawyers by not providing indigent stamped envelopes, parchment and writing utensils.

3) Denied the ability to research alleged charges for the purpose of determining if allegations are befitting the actual events or lessor [sic] claim/charge.

> 4) Denied the ability to investigate and comprehend allegated [sic] charges lodged against me.
>
> 5) Direct violations of civil rights, guaranteed by the U.S. Constitution and the bill of rights through failure to provide and maintain a complete inmate accessable [sic] law library.[1]

In order to better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on January 4, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At the Spears hearing, plaintiff testified that he was convicted of his underlying criminal charge at a bench trial and that he is currently awaiting a hearing on a multiple bill of information. He further testified that he fired the public defender initially appointed to represent him in his criminal case. The court thereafter appointed a private attorney to represent plaintiff, and that attorney is continuing represent him in the multiple bill proceedings. Plaintiff stated that once that matter is resolved, he will be represented by new counsel in the anticipated appeal.

Also at the Spears hearing, plaintiff expressed his dissatisfaction with the Orleans Parish Prison's legal assistance program. Plaintiff stated that he does not have direct access to a law library

---

[1] Rec. Doc. 1, p. 4.

he can visit, but he conceded that he is visited by one of the jail's legal assistants approximately every two days. Plaintiff further acknowledged that he can request law books from the legal assistant; however, plaintiff complained that many of the books are from 2009 or 2010 and that he can get only one book at a time. Plaintiff also complained that when he requests copies of cases, the assistant often brings the wrong cases or ones that are otherwise unhelpful. Moreover, plaintiff noted that he is not provided with a comfortable, private, quiet space for reading the legal materials which are provided to him.

Plaintiff also explained his dissatisfaction with the indigent supplies he is provided for communication with his attorney. Upon questioning, he conceded that he is in fact provided with postage; however, he complained that he is not allowed to mail correspondence by certified mail with a return receipt requested. When asked if this limitation had caused a problem, plaintiff explained that on one occasion he had mailed something to his attorney which was not delivered. Upon further examination, however, he admitted that mailing was returned to him because it was misaddressed. He could point to no other instances where mail was not delivered or explain how he had in fact been harmed by the inability to send his correspondence by certified mail with a return receipt requested. He further acknowledged that he is provided with writing paper; however, he complained that he is given only ten sheets at a time, and he felt that amount of paper was insufficient for his needs. Lastly, he said that he had not been given a pen in the past nine months, but he conceded that he does in fact have a pen which he obtained through other means. He identified no actual prejudice he has suffered as a result of his limited access to paper and pens.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Orleans Parish Sheriff's Office and the Orleans Parish Prison

As a preliminary matter, the Court notes that plaintiff has included the Orleans Parish Sheriff's Office and the Orleans Parish Prison as defendants in this lawsuit. That is clearly improper.

The claim against the Orleans Parish Sheriff's Office is improper because a Louisiana parish sheriff's office simply is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

The Orleans Parish Prison is likewise an improper defendant. A prison may not be sued because it is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680, at *2 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); see also Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County

Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Accordingly, for these reasons, the claims against the Orleans Parish Sheriff's Office and the Orleans Parish Prison must be dismissed.

### III. Orleans Parish Sheriff Marlin Gusman

Even if the Court assumes for the purposes of this opinion that Sheriff Gusman is a proper defendant in this lawsuit, the claims against him should be dismissed for the following reasons.

Regarding plaintiff's claim that he should be provided with greater and more direct access to a law library, that claim implicates the constitutional right of access to the courts. Regarding such claims, the United States Fifth Circuit Court of Appeals has explained:

> It is clearly established that prisoners have a constitutionally protected right of access to the courts. The Supreme Court has stated that this right of access is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. The Supreme Court has also viewed the right of access to the courts as one aspect of the First Amendment right to petition the government for grievances. While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.

Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993) (citations and quotation marks omitted).

However, the United States Supreme Court has noted that the constitutional right of access to the courts does not encompass "an abstract, freestanding right to a law library or legal assistance" in prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). On the contrary, the right can be met in other ways, including by the provision of counsel. See Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996); see also Dickinson v. TX, Fort Bend County, 325 Fed. App'x 389, 390 (5th Cir. 2009)

7

("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994). As noted, plaintiff testified at the Spears hearing that he was and continues to be represented by appointed counsel in the state criminal proceedings. As a result, there has been no violation of his right of access to the courts.

Moreover, the Court expressly notes that the foregoing result is not changed by the fact that plaintiff would like to perform his own legal research to assist his counsel. The right at issue simply does not extend that far. See, e.g., Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005) ("Caraballo also asserts that he was denied meaningful access to the courts because he was unable to assist his attorney during his direct appeal by conducting legal research. Because Caraballo had court-appointed counsel on appeal, he had no constitutional right of access to a law library in preparing his defense, and Caraballo failed to state a claim for which relief may be granted."); Boyd v. Nowack, Civ. Action No. 09-7639, 2010 WL 892995, at *3 (E.D. La. Mar. 11, 2010) ("Because plaintiff is currently represented, he has no valid access-to-courts claim with

respect to his criminal proceeding, even if he would like to 'assist' his attorney."); cf. Prather v. Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation ....").

Lastly, the Court notes that it was initially given pause by plaintiff's allegation that he had been "[d]enied the ability to communicate effectively with my lawyers by not providing indigent stamped envelopes, parchment and writing utensils."[4] However, the Court's concerns were resolved by plaintiff's testimony at the Spears hearing. As noted, plaintiff acknowledged at that hearing that he is in fact given postage and his correspondence has always reached his attorney except on the one occasion on which it was misaddressed. Further, he acknowledged that he is given ten sheets of paper at a time, and that amount is clearly sufficient to correspond with his attorney. Lastly, although plaintiff has not been given a new pen within the past nine months, he has a pen he obtained through other means. There is simply no evidence whatsoever that plaintiff has been or is now unable to communicate adequately with his counsel or that he has suffered any prejudice whatsoever as a result of the limitations on these supplies.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[4] Rec. Doc. 1, p. 4.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this ninth day of January, 2012.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.